FIRST TRUST JOINT STOCK LAND BANK of Chicago, Appellant, v. C. H. GALAGAN et al., Defendants; E. G. McGREVEY, Receiver, Appellee.

No. 42774.

JULY 17, 1935.

Tom Boynton, for appellant.

Sullivan, McMahon & Linnan, for appellee.

RICHARDS, J.—Plaintiff brought this action to foreclose a real estate mortgage containing agreements pledging rents and income and that a receiver might be appointed, decree of fore-

closure was entered, and the mortgaged premises were sold under special execution leaving a deficiency of $2,000. Soon thereafter a hearing was had upon plaintiff's application for appointment of receiver for the period of redemption. Appellee, receiver of First National Bank, Buffalo Center, Iowa, hereinafter referred to as the National Bank, resisted the application. The court denied the application, from which ruling plaintiff has taken this appeal.

█▐█ The mortgaged premises had been acquired in 1925 by said National Bank, encumbered by plaintiff's mortgage. In December, 1930, the Wagner Realty Company was incorporated. On the 30th day of that month the said National Bank made a written contract with the Wagner Realty Company by the terms of which the bank agreed to sell to the Realty Company on the performance of the agreements of the Realty Company certain real estate including the mortgaged premises, for a fixed price, the Realty Company agreeing to purchase said real estate for said fixed amount and to pay $7,000 thereof upon the execution of the agreement, which was paid, and to pay $20,175 in five equal annual installments, evidenced by interest-bearing notes, one of which was afterwards paid, and to pay the balance by assuming the mortgages on the premises. The Realty Company also agreed to pay all taxes annually accruing. The contract contained an agreement that in the event of a sale of a part or all of the real estate the sum received should be indorsed on the notes for the deferred portion of the purchase price, and thereupon the bank would execute and deliver a deed covering the premises so sold, but that the title was to remain in the bank until the deferred amounts were paid in full, except in the contingency of a sale as above mentioned. The possession was delivered to the Realty Company at the time of the execution of the contract and it has been in such possession at all times thereafter, renting the land, collecting the rents, insuring the buildings, making repairs, and paying the taxes until 1933, and paying interest on the deferred purchase price, although the contract makes no reference to the matter of possession. The reason for the transaction involved in this contract was the necessity that the bank dispose of this real estate, as required by the banking department. When the contract was made the real estate was charged out of the assets of the bank, since which time the bank has had nothing to do with its management or

control. The contract in its entirety, the surrounding circumstances, and the interpretation placed on the contract since December, 1930, by the parties thereto, lead to the conclusion that this agreement was one of sale, as distinguished from a contract to sell, and that the Realty Company became the equitable owner, and that the bank was holding the title only as security for the deferred portions of the purchase price. We are unable under the facts to adopt appellant's thought that the Realty Company did not become vested with the equitable title or was simply constituted agent for the bank to sell the real estate if possible.

■■■ This action was commenced on August 3, 1933. Prior to that time the mortgaged premises had been leased by the Realty Company for the annual periods ending March 1, 1934 and 1935, and the leases had been assigned by the Realty Company to said National Bank as additional security of the deferred purchase price. It is appellant's contention that there was such identity of interest between the Realty Company and the bank as to require this court of equity to disregard the corporate entity of the Realty Company and to hold that it and the bank are one and the same, and that consequently the assignment of the leases was not effectual, amounting to an assignment to the real owner holding title and bound by the receivership agreements of the mortgage. Appellant points out that every stockholder of the Realty Company holds stock in the bank, although there are stockholders of the bank having no interest in the Realty Company. Appellant points out that the president and secretary of the Realty Company are the same persons as the president and cashier of the bank and that the Realty Company had no office excepting in the bank. He claims the Realty Company was a subsidiary and a part of the bank and never purchased any land excepting that of the bank, and that the company would not have been formed were it not for the purpose of taking the land out of the bank assets. The plenary power of a court of equity, to consider the substance rather than the form, and disregard the latter in arriving at the ultimate truth, in order to effectuate justice, is well established. It is most frequently invoked when a question of fraud is involved. In this case we find no facts establishing fraud, the purpose and the necessity which brought about the situation being as mentioned above. The remaining question is whether there was in fact such identity that the Realty Company and the bank constitute but

one entity, or in other words that the Realty Company was a fiction. We think the question has been answered adversely to plaintiff's contention by our holding in Weitz Sons v. U. S. F. & G. Co., 206 Iowa 1025, 219 N. W. 411. In that case the members of a partnership owned 99.8 per cent of the capital stock of, and were the directors of, a corporation; both concerns having offices in the same building. The point of attack was a contract between the partnership and the corporation, a third party claiming that the partnership and corporation were identical. It was held that presumptively the corporation was a distinct legal entity, and under the record it was clearly established to be such; the facts being that the corporation was carrying on a business separate and distinct and of a different character than that carried on by the partnership. It was held that the corporation was not only not a fiction, but was a distinct, separate, and legal entity, and there was no complete identity either of ownership or of interest. We are satisfied that the fact situation and the relationship between the bank and the Realty Company, already set out above, does not warrant the conclusion plaintiff suggests, particularly in the absence of any evidence of fraud in the relationship between the bank and the Realty Company. The bank and the Realty Company were evidently separate and distinct entities.

The foregoing being the only questions raised by appellants as to the correctness of the ruling of the court below, it follows that the action of the district court should be and is affirmed.— Affirmed.

KINTZINGER, C. J., and all Justices concur.